IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CHRISTOPHER DEARMON,

        Plaintiffs,

   v.

FERGUSON ENTERPRISES, INC.,
a corporation of Virginia,

        Defendant.

Case No. 1:14-CV-1375-CL

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge

    On August 27, 2014, defendant Ferguson Enterprises, Inc. removed this case to federal court based on diversity jurisdiction. Plaintiff's Complaint, originally filed in Multnomah County, Oregon, brings claims against the defendant, his former employer, for unlawful discrimination in employment under ORS 659A.082(2), wage claims under ORS 652.140 for unpaid overtime, and wrongful termination under Oregon common law. The case comes before the Court now on the defendant's motion (#5) to dismiss plaintiff's second and third claims for relief. For the reasons below, this motion should be GRANTED.

Page 1 – REPORT & RECOMMENDATION

## STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Id. (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. Odom v. Microsoft Corp., 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted). "If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." Jones v. Bock, 549 U.S. 199, 215 (2007).

## DISCUSSION

The defendant moves to dismiss Plaintiff's second claim for relief because such a claim is barred under the applicable statute of limitations. Plaintiff's Complaint (#1-1(B)) alleges that

"[f]rom the period of April 2009 through April 2010, Plaintiff worked fifty (50) hours or more per week," and he was encouraged to continue working fifty hours per week, but he was not compensated for his extra time. ¶5-7. Plaintiff alleges that his supervisors promised they would "make up the difference" at a later time, but they never compensated him for this work. Id. Based on these allegations, Plaintiff brings claims for unpaid overtime and penalty wages under ORS Chapter 652.

Under both state and federal law, the statute of limitations to recovering unpaid overtime wages is two years. ORS 12.110(3), 29 U.S.C. § 255; Walsh v. Calvin Presbyterian Church of Tigard, Or., 2007 WL 3170999 (D.Or. 2007). Plaintiff's claim was filed on July 29, 2014, more than four years after the alleged unpaid overtime facts took place. Thus, plaintiff's claim is barred by the statute of limitations and should be dismissed.

The defendant also moves to dismiss Plaintiff's third claim for relief. Plaintiff's third claim is for wrongful discharge under Oregon common law, which recognizes a cause of action when an employee is fired for reasons that violate public policy – in this case, the plaintiff's status as a member of the armed services. Courts in this district have held that wrongful discharge claims should be dismissed when the Oregon law provides adequate statutory remedies for the alleged conduct. Gladfelder v. Pacific Courier Services, LLC, 2013 WL 2318840 (D.Or. May 28, 2013) ("if 'existing remedies adequately protect the employment related right ... the Oregon Supreme Court has usually chosen not to recognize an additional common law remedy of wrongful discharge.' Carlson v. Crater Lake Lumber Co., 103 Or.App. 190, 193, adhered to as modified on recon., 105 Or.App. 314 (1990)."); Kelsey v. Goldstar Estate Buyers Corp., 2014 WL 1155253 (D. Or. Mar. 21, 2014).

Plaintiff's first claim for relief is brought under ORS 659A.082, which protects service members from discrimination by an employer due to the employee's uniformed service, including "[d]ischarging, expelling, disciplining, threatening, or otherwise retaliating against the person for exercising or attempting to exercise the status or rights provided by this section." ORS 659A.082(2)(c). Under ORS 659A.885, in an action based on a violation of 659A.082, the court may award "injunctive relief and any other equitable relief that may be appropriate, including but not limited to reinstatement or the hiring of employees with or without back pay." ORS 659A.885(1). In addition to the relief authorized by subsection (1), subsection (3) authorizes: compensatory damages or $200, whichever is greater, and punitive damages; the right to a jury trial; appellate review; and attorney fees, subject to approval by the court. ORS 659A.885(3). Because the existing statutory remedies adequately protect an employee from discrimination based on the employee's uniformed service, the Plaintiff's common law wrongful discharge claim based on the same facts should be dismissed.

Plaintiff does not dispute the defendant's motion, except to state that the dismissal of the claims should be without prejudice. Plf. Resp. (#8). Plaintiff does not give any reason, however, and the Court cannot find any reason, for why the dismissal should be without prejudice. The second claim is barred by the statute of limitations, and the third claim is precluded by an adequate statutory remedy. There is no evidence that the opportunity to re-plead these claims would cure their deficiencies. Therefore the claims should be dismissed with prejudice.

## RECOMMENDATION

Defendant's motion (#5) should be GRANTED and plaintiff's second and third claims for relief should be dismissed. This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this

recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this ___23___ day of September, 2014.

MARK D. CLARKE
United States Magistrate Judge